DAVID R. ZARO (BAR NO. 124334)
TED FATES (BAR NO. 227809)
TIM C. HSU (BAR NO. 279208)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
515 South Figueroa Street, Ninth Floor
Los Angeles, California 90071-3309
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: dzaro@allenmatkins.com
        tfates@allenmatkins.com
        thsu@allenmatkins.com

Attorneys for Plaintiff
WILLIAM J. HOFFMAN, Receiver

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| WILLIAM J. HOFFMAN, Court-appointed permanent receiver for Defendant Nationwide Automated Systems, Inc., Relief Defendants Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, Oasis Studio Rentals #3, LLC, and their subsidiaries and affiliates,<br><br>    Plaintiff,<br><br>    v.<br><br>MARVIN TARNOL, LAURIE TARNOL, and LMKT CORPORATION, a California corporation,<br><br>    Defendants. | Case No. 2:15-cv-5755<br><br>**COMPLAINT FOR FRAUDULENT TRANSFER, UNJUST ENRICHMENT, AND CONSTRUCTIVE TRUST** |

Plaintiff William J. Hoffman of Trigild, Inc. ("Receiver"), the Court-appointed permanent receiver for Nationwide Automated Systems, Inc. ("NASI"), Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, Oasis Studio Rentals #3, LLC, and their subsidiaries and affiliates ("Receivership Entities"), hereby brings the following Complaint against the above-captioned Defendants and alleges, on behalf of the Receivership Entities, as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter under 28 U.S.C. sections 1345 and 1367(a), and the doctrines of ancillary and supplemental jurisdiction, in that this action arises from a common nucleus of operative facts as, and is substantially related to the original claims in, the Securities and Exchange Commission ("Commission") enforcement action styled as *Securities and Exchange Commission v. National Automated Systems, Inc., et al.*, United States District Court, Central District of California, Case No. 14-CV-07249-SJO (FFMx) ("SEC Action").

2. This Court may exercise personal jurisdiction over the above-captioned Defendants pursuant to Federal Rule of Civil Procedure 4(k)(1)(A).

3. Venue in the Central District of California is proper under 28 U.S.C. section 1391 because this action is an ancillary proceeding to the SEC Action and because the Receiver was appointed in this District pursuant to the Preliminary Injunction and Orders (1) Freezing Assets; (2) Prohibiting the Destruction of Documents; (3) Requiring Accountings; and (4) Appointing a Receiver entered by this Court in the SEC Action on October 29, 2014 ("Preliminary Injunction").

## II. PARTIES

4. The Receiver is the duly appointed permanent receiver for the Receivership Entities, and was appointed permanent receiver for the Receivership Entities pursuant to the Preliminary Injunction. Among other things, the Preliminary Injunction calls for the Receiver to recover and marshal, for the benefit

of creditors of and investors in the Receivership Entities, any and all assets which were owned, leased, occupied, or otherwise controlled by the Receivership Entities or were otherwise purchased with assets of the Receivership Entities. The Receiver holds exclusive authority and control over the assets of the Receivership Entities, including over the causes of action alleged herein, over which this Court has ancillary and supplemental jurisdiction.

5. On information and belief, Marvin Tarnol and Laurie Tarnol are citizens and residents of the County of Los Angeles, California, and are the recipients of assets of the Receivership Entities as described further herein.

6. On information and belief, LMKT Corporation (together with Marvin and Laurie Tarnol, "Defendants") is a California corporation with its principal place of business in the County of Los Angeles, California, and is a recipient of assets of the Receivership Entities as described further herein.

### III. FACTUAL ALLEGATIONS

**A.**     **The Purported Business of the Receivership Entities and the Commencement of the SEC Action**

7. As alleged by the Commission in the SEC Action, NASI raised money from investors by selling them Automated Teller Machines ("ATMs"), leasing the ATMs back from investors, managing the ATMs for the investors, and paying the investors "rents" that were guaranteed to total at least 20% of the purchase price paid for the ATMs per year. The Receivership entities also paid referral fees to investors and other agents who recruited new investors to purchase ATMs.

8. In actuality, the Receivership Entities did not sell any ATMs to investors, but instead fabricated and sold fictitious ATMs with fabricated serial numbers and locations. The "rents" paid to investors who purchased fictitious ATMs, as well as referral fees paid to investors and agents, were paid from the amounts raised from other investors. Thus, NASI operated a classic Ponzi scheme.

9. On or about September 17, 2014, the Commission initiated the SEC Action against the Receivership Entities and their principals Joel Gillis and Edward Wishner, alleging violations of federal securities laws. The Commission petitioned for the Receiver's appointment, and on September 30, 2014, and October 29, 2014, this Court entered orders appointing the Receiver, first on a temporary basis and then as permanent receiver for the Receivership Entities.

**B.   The Receiver's Authority and Investigation Pursuant to His Appointment**

10. Pursuant to the terms of his appointment, the Receiver is vested with exclusive authority and control over the assets of the Receivership Entities. Specifically, Article XII of the Preliminary Injunction and Article VIII of the Freeze Order vests the Receiver with the "full powers of an equity receiver, including, but not limited to . . . full power to sue . . . and take into possession all [receivership] property." (Emphasis added.)

11. The Receiver's investigation to date supports and confirms the Commissions allegations in the SEC Action, including that NASI operated a Ponzi scheme, sold fictitious ATMs to investors and made rent and referral fee payments to investors from funds raised from other investors. Defendants Gillis and Wishner filed answers to the SEC's complaint in which they admit the facts supporting the SEC's Ponzi scheme allegations.

**C.   Criminal Indictment and Guilty Pleas**

12. On December 16, 2014, Gillis and Wishner were arrested and charged with mail fraud, wire fraud, conspiracy, and aiding and abetting. *United States v. Gillis, et al.*, C.D. Cal. Case No. 14-CR-00712-SJO. Gillis and Wishner waived indictment, surrendered their passports, and were released on bail. On January 13, 2015, and January 21, 2015, respectively, Wishner and Gillis plead guilty to all four counts of the criminal information. In connection with Gillis' guilty plea, a statement of facts signed by Gillis that supports the guilty plea was filed by the

government ("Statement of Facts"). As part of his guilty plea, Gillis stated under oath that the facts in the Statement of Facts were true. The Statement of Facts is attached hereto as Exhibit A.

13. The Statement of Facts is fully incorporated herein by reference. The facts stated therein are included in this complaint as though fully restated and alleged herein.

### D. The Fraudulent Transfers to Defendant From the Receivership Entities

14. Attached hereto as Exhibit B is a schedule of bank transfers from Defendants to NASI and from NASI to Defendants. As the schedule reflects, the net amount received by Defendants ("Profit Amount") is calculated by subtracting (a) transfers from NASI to Defendants ("Payments from NASI") from (b) transfers from Defendants to NASI ("Deposit Amount"). Defendants' Profit Amount is $1,507,281.17.[1]

15. Defendants had no business dealings with NASI apart from transactions relating to the purchase and leasing of fictitious ATMs and provided no services or other value to NASI other than amounts paid for the fictitious ATMs.

### COUNT I – FRAUDULENT TRANSFER

16. The Receiver incorporates herein each and every allegation contained in Paragraphs 1 through 15, inclusive, hereinabove set forth.

17. Over the course of its pre-receivership operations, NASI paid the Profit Amount to Defendants with the intent to hinder, delay, or defraud NASI's creditors. Such payments were made from the proceeds of the Ponzi scheme which were generated from investors in the scheme.

---

[1] All transfers from Payments from NASI occurring (a) after Defendants received payments equal to the Deposit Amount, and (b) more than seven years prior to the date of filing this Complaint have been excluded from the calculation of the Profit Amount.

18. The Receivership Entities received nothing of value in exchange for the payments that comprise the Profit Amount.

19. At the time the payments comprising the Profit Amount were made to Defendants, NASI was engaged in or about to engage in business transactions for which its remaining assets were unreasonably small in relation to the business or transaction.

20. NASI was insolvent, or became insolvent, shortly after the subject payments comprising the Profit Amount were made to Defendants.

21. NASI intended to incur, or believed or reasonably should have believed it would incur, debts beyond its ability to pay as they became due.

22. As a consequence, the full Profit Amount is an actual and constructively fraudulent transfer under Calfornia's Uniform Fraudulent Transfer Act ("CUFTA"), Cal. Civ. Code section 3439, *et seq.*, and is subject to immediate disgorgement to the Receiver.

**COUNT III – UNJUST ENRICHMENT**

23. The Receiver incorporates herein each and every allegation contained in Paragraphs 1 through 22, inclusive, hereinabove set forth.

24. As described above, NASI paid the Profit Amount to Defendants in connection with the Agreement. Such payments were made from the proceeds of a Ponzi scheme which were generated from investors in the scheme.

25. The Receivership Entities received no value or consideration in exchange for the Profit Amount.

26. Defendants have thus been unjustly enriched in the amount of the Profit Amount, which is subject to immediate disgorgement to the Receiver.

**COUNT IV – CONSTRUCTIVE TRUST**

27. The Receiver incorporates herein each and every allegation contained in Paragraphs 1 through 26, inclusive, hereinabove set forth.

28. As described above, Defendants have been unjustly enriched in the amount of the Profit Amount. The payments comprising the Profit Amount were made from the proceeds of a Ponzi scheme which were generated from investors in the scheme.

29. Because Defendants have been unjustly enriched in the amount of the Profit Amount, it holds that amount in constructive trust for the benefit of the Receivership Entities.

30. The Receiver is therefore entitled to a judgment requiring Defendants to immediately turn over the full Profit Amount.

## PRAYER FOR RELIEF

WHEREFORE, the Receiver prays for judgment against the Defendants as follows:

**On Count I:**

(a) For a judgment against Defendants avoiding the transfers from NASI to Defendants comprising the Profit Amount; and

(b) For an order directing Defendants to immediately pay the Profit Amount, plus prejudgment interest and costs, to the Receiver; and

(c) For such other and further relief as the Court may deem proper.

**On Count II:**

(a) For a judgment against Defendants in the amount of the Profit Amount, plus prejudgment interest and costs; and

(b) For an order directing Defendants to immediately pay the Profit Amount, plus prejudgment interest and costs, to the Receiver; and

(c) For such other and further relief as the Court may deem proper.

**On Count III:**

(a) For a judgment against Defendants in the amount of the Profit Amount, plus prejudgment interest and costs; and

1       (b)    For an order declaring Defendants to be holding the Profit Amount, plus prejudgment interest and costs, in constructive trust for the benefit of the Receivership Entities and directing Defendants to immediately turn over the full Profit Amount to the Receiver; and

5       (c)    For such other and further relief as the Court may deem proper.

Dated: July 29, 2015

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By:    /s/ Ted Fates
     TED FATES
     Attorneys for Plaintiff
     WILLIAM J. HOFFMAN, Receiver