Marc Smith (#72717)
 Email: msmith@kranesmith.com
Ralph C. Loeb (#124773)
 Email: ralph@kranesmith.com
**KRANE & SMITH, APC**
16255 Ventura Boulevard, Suite 600
Encino, CA 91436
Tel: (818) 382-4000
Fax: (818) 382-4001

Attorneys for Defendants MARVIN TARNOL and LAURIE TARNOL, individuals, and LMKT Corporation, a California corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. HOFFMAN, Court-appointed permanent receiver for Defendant Nationwide Automated Systems, Inc., Relief Defendants Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, Oasis Studio Rentals #3, LLC, and their subsidiaries and affiliates,<br><br>Plaintiff,<br><br>vs.<br><br>MARVIN TARNOL, LAURIE TARNOL, and LMKT CORPORATION, a California corporation,<br><br>Defendants. | CASE NO. 2:15-cv-5755 SJO-FFM<br><br>[Before the Hon. S. James Otero]<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE: October 19, 2015<br>TIME: 10:00 a.m.<br>COURTROOM: 1<br><br>Complaint Filed: July 29, 2015<br>FAC Filed: August 23, 2015 |

1

1. **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2.    **PLEASE TAKE NOTICE** that on October 19, 2015 at 10:00 a.m., or as soon thereafter as counsel may be heard in the Courtroom of the Honorable S. James Otero, United States District Court Judge, located at 312 N. Spring Street, Courtroom 1, Los Angeles, California 90012, Defendants MARVIN TARNOL and LAURIE TARNOL, individuals, and LMKT Corporation, a California corporation ("Defendants") will, and hereby do, move the Court for an order dismissing Count II of the First Amended Complaint filed by Plaintiff WILLIAM J. HOFFMAN ("Plaintiff"), the Court-appointed permanent receiver in this action, pursuant to F.R.C.P. 12(b)(6).

   This motion to dismiss is brought on the grounds that Count II of the First Amended Complaint fails to state a claim for relief for unjust enrichment under California law.

   This motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the files and records in this action and such other evidence and argument as may be presented to the Court at or prior to the hearing of this matter.

   This motion is made after meeting and conferring with Plaintiff's counsel pursuant to Local Rule 7-3 on August 20, 21 and 24, 2015 without being able to resolve the issues raised by this motion.

DATED: September 11, 2015                KRANE & SMITH, APC


                                         By: _____
                                             RALPH C. LOEB
                                         Attorneys for Defendants, MARVIN
                                         TARNOL and LAURIE TARNOL,
                                         individuals and LMKT Corporation, a
                                         California corporation

2

NOTICE OF MOTION AND MOTION TO DISMISS COUNTERCLAIMS PURSUANT TO RULE 12(b)(6);
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants MARVIN TARNOL and LAURIE TARNOL, individuals, and LMKT Corporation, a California corporation (collectively "Defendants") bring this motion to dismiss the claim for unjust enrichment alleged in Count II of the First Amended Complaint ("FAC") of Plaintiff WILLIAM J. HOFFMAN ("Plaintiff"), the Court-appointed permanent receiver in this action, on the grounds that under California law unjust enrichment is a remedy, not a separate cause of action.

Accordingly, Defendants respectfully submit that their motion to dismiss Count II of the FAC purporting to allege a cause of action for unjust enrichment should be granted, without leave to amend.

## II. STANDARD OF REVIEW FOR MOTION TO DISMISS

A Rule 12(b)(6) motion tests the legal sufficiency of a claim or claims stated in a complaint. *Strom v. United States*, 641 F.3d 1051, 1067 (9th Cir. 2011). A Rule 12(b)(6) dismissal is proper when the complaint includes a claim that fails to allege a "cognizable legal theory". *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

As set forth more specifically in the following sections of this Motion, Count II of Plaintiff's First Amended Complaint purporting to allege a cause of action for unjust enrichment, should be dismissed pursuant to the applicable standard of review.

## III. ARGUMENT

The most recent California Supreme Court cases and California District Court cases agree that unjust enrichment is not a cause of action in California when another cause of action is alleged. *Meixner v. Wells Fargo Bank, N.A.*, 2015 WL 1893514, ... F.Supp.3d .... (2015); also see *Jogani v. Superior Court*, 165 Cal.App.4th 901, 911 (2008); and *Melchior v. New Line Productions, Inc.*, 106 Cal.App.4th 779, 793 (2008).

F:\Clients\TARNOL_MARVIN\PLEADINGS\MOTION TO DISMISS.01.wpd

1

NOTICE OF MOTION AND MOTION TO DISMISS COUNTERCLAIMS PURSUANT TO RULE 12(b)(6);
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  The Court in *Meixner* explained:

2  "Plaintiff points to cases where the California Supreme Court "either explicitly or implicitly recognize[d] Unjust Enrichment as a cause of action" (ECF No. 6 at 25.) However, only one of these cases supports Plaintiff's assertion and that case is almost twenty-years old in contrast to more recent California Supreme Court decisions which do not recognize unjust enrichment as a cause of action where another remedy is available to the plaintiff. *See Ghirardo v. Antonioli*, 14 Cal.4th 39, 52, 57 Cal.Rptr.2d 687, 924 P.2d 996 (1996) (relief for unjust enrichment is available). *Compare with Huskinson & Brown, LLP v. Wolf*, 32 Cal.4th 453, 457, 9 Cal.Rrptr.3d 693, 84 P.3d 379 (2004) (does not acknowledge the cause of action for unjust enrichment); *Snowney v. Harrah's Entm't, Inc.*, 35 Cal.4th 1054, 1068, 29 Cal.Rptr.3d 33, 112 P. 3d 28 (2005) (same); *Phillippe v. Shapell Indus.*, 43 Cal.3d 1247, 1263, 241 Cal.Rptr. 22, 743 P.2d 1279 (1987) (same). California district courts have consistently followed the more recent California Supreme Court decision and "held that California law does not recognize a cause of action for unjust enrichment, so long as another cause of action is available that permits restitutionary damages." *In re ConAgra Foods Inc.*, 908 F.Supp.2d 1090, 1114 (C.D. Cal. 2012); *Falk v. Gen. Motors Corp.*, 496 F.Supp.2d 1088, 1099-100 (N.D. Cal. 2007). Id.[1]

Here, Count I in the FAC alleges a cause of action for fraudulent transfer against Defendants under California's Uniform Fraudulent Transfer Act ("CUFTA"), Cal. Civ. Code Section 3439 et seq. Thus, Plaintiff has another cause of action available to it that permits restitutionary damages against Defendants. Accordingly, under the authorities cited above, Plaintiff's claim for unjust enrichment under California law should be dismissed.

## IV. CONCLUSION

For the reasons stated herein, this Court should dismiss Count II of Plaintiff's FAC which purports to state a cause of action for unjust enrichment.

DATED: September 11, 2015                KRANE & SMITH, APC

By: /s/ Ralph C. Loeb
RALPH C. LOEB
Attorneys for Defendants MARVIN TARNOL and LAURIE TARNOL, individuals, and LMKT Corporation, a California corporation

---

[1] Plaintiff relies on the case of *Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1070 (9TH Cir. 2014), but the viability of a cause of action for unjust enrichment was not challenged in that case and the Court did not rule under what circumstances such a cause of action could be asserted.

2

NOTICE OF MOTION AND MOTION TO DISMISS COUNTERCLAIMS PURSUANT TO RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# CERTIFICATE OF SERVICE

WILLIAM J. HOFFMAN, Court- appointed permanent receiver for Defendant Nationwide Automated Systems, Inc., Relief Defendants Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, Oasis Studio Rentals #3, LLC, and their subsidiaries and affiliates

vs.

MARVIN TARNOL, LAURIE TARNOL, and LMKT CORPORATION, a California corporation

U.S. District Court, Central District of California
Case No. 2:15-cv-5755 SJO-FFM

I hereby certify that a true and correct copy of the foregoing was served on all counsel registered to receive a Notice of Electronic Filing by electronically serving the document via the United States District Court Electronic Case filing website (CM/ECF notification system) for this case on this 11th day of September, 2015.

/s/ Ralph C. Loeb
Ralph C. Loeb

3

NOTICE OF MOTION AND MOTION TO DISMISS COUNTERCLAIMS PURSUANT TO RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF