DAVID R. ZARO (BAR NO. 124334)
TED FATES (BAR NO. 227809)
TIM C. HSU (BAR NO. 279208)
ALLEN MATKINS LECK GAMBLE
   MALLORY & NATSIS LLP
515 South Figueroa Street, Ninth Floor
Los Angeles, California 90071-3309
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: dzaro@allenmatkins.com
        tfates@allenmatkins.com
        thsu@allenmatkins.com

Attorneys for Plaintiff
WILLIAM J. HOFFMAN, Receiver

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| WILLIAM J. HOFFMAN, Court-appointed permanent receiver for Defendant Nationwide Automated Systems, Inc., Relief Defendants Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, Oasis Studio Rentals #3, LLC, and their subsidiaries and affiliates,<br><br>Plaintiff,<br><br>v.<br><br>MARVIN TARNOL, LAURIE TARNOL, and LMKT CORPORATION, a California corporation,<br><br>Defendants. | Case No. 2:15-cv-5755<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)**<br><br>Date: October 19, 2015<br>Time: 10:00 a.m.<br>Ctrm: 1 - 2nd Floor<br>Judge: Hon. S. James Otero |

Plaintiff William J. Hoffman of Trigild, Inc. ("Receiver"), the Court-appointed permanent receiver for Nationwide Automated Systems, Inc. ("NASI"), Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, Oasis Studio Rentals #3, LLC, and their subsidiaries and affiliates ("Receivership Entities"), hereby submits his opposition to Defendants' Motion to Dismiss First Amended Complaint Pursuant to Rule 12(b)(6), as follows:

## I. INTRODUCTION

This case is one of a series of actions filed by the Receiver appointed in the related case entitled *Securities and Exchange Commission v. Nationwide Automated Systems, Inc. et al.*, Case No. CV-14-07249-SJO (FFMx) ("SEC Action"). Defendants Marvin Tarnol, Laurie Tarnol, and their entity LMKT Corporation ("Defendants") received profits from the Ponzi scheme operated by NASI, Joel Gillis, and Edward Wishner. The Receiver has brought this action, pursuant to orders of the Court in the SEC Action, to recover the profits paid to Defendants so that such funds can be distributed through the receivership to the investors in NASI who collectively have lost many millions of dollars.

Defendants move to dismiss the unjust enrichment cause of action in the Complaint. Their sole argument is that California law does not recognize a cause of action for unjust enrichment. To the contrary, the California Supreme Court has expressly recognized an unjust enrichment cause of action, as has the Ninth Circuit Court of Appeals when interpreting California law. Accordingly, Defendants' motion should be denied.

## II. ARGUMENT

A motion to dismiss pursuant to Rule 12(b)(6) may be based on the "failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory." *Grant v. Capella University*, 2015 U.S. Dist. LEXIS 120853 *5 (E.D. Cal. 2015) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)). However, to survive a motion to dismiss for

failure to state a claim, "a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2) … 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Indeed, in evaluating the complaint on the motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to Plaintiffs." *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). A complaint must also allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although this plausibility standard means the complaint must allege "more than a sheer possibility that a defendant has acted unlawfully," it does not go so far as to impose a "probability requirement." *Iqbal*, 556 U.S. at 678. Rather, whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its own judicial experience and common sense." *Id.* at 679.

The California Supreme Court and the Ninth Circuit Court of Appeals have expressly recognized an unjust enrichment cause of action. *Ghirardo v. Antonioli*, 14 Cal.4th 39, 50-52 (1996) (upholding unjust enrichment cause of action and citing Restatement of the Law, Restitution); *Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1070 (9th Cir. 2014) ("The elements of unjust enrichment are 'receipt of a benefit and unjust retention of the benefit at the expense of another.'"); *Newsom v. Bank of Am., N.A.*, 2014 U.S. Dist. LEXIS 74365 *26-27 (9th Cir. 2014); *see also Peterson v. Cellco Partnership*, 64 Cal. App. 4th 1583, 1593 (2008) (The elements of an unjust enrichment claim are the "receipt of a benefit and [the] unjust retention of the benefit at the expense of another."); *Hirsch v. Bank of America*, 107 Cal. App. 4th 708, 721-22 (2003) ("Appellants have stated a valid cause of action for unjust enrichment based on Banks' unjustified charging and retention of excessive fees

1  which the title companies passed through to them.  Banks received a financial
2  advantage -- excessive fees charged to the title companies -- which they unjustly
3  retained at the expense of appellants, who absorbed the overage."); *Lectrodryer v.*
4  *SeoulBank*, 77 Cal.App.4th 724, 726 (2000) ("Lectrodryer satisfied the elements for
5  a claim of unjust enrichment: receipt of a benefit and unjust retention of the benefit
6  at the expense of another.").  Accordingly, unjust enrichment is a recognized cause
7  of action under California law with its own defined elements.
8       Defendants rely on an unpublished decision from the Eastern District of
9  California, *Meixner v. Wells Fargo Bank*, 2015 WL 1893514 (2015) which
10 questions the validity of *Ghirardo* and cites other California Supreme Court
11 decisions.  The other California Supreme Court decisions cited in *Meixner*, however,
12 do not discuss whether unjust enrichment is a cause of action under California law
13 or address the *Ghirardo* decision.  Most importantly, *Ghirardo* has not been
14 overruled and therefore remains the law in California.  Accordingly, unjust
15 enrichment is clearly a "cognizable legal theory."
16      Defendants do not dispute that the Receiver has properly plead sufficient facts
17 supporting an unjust enrichment cause of action.  Accordingly, the unjust
18 enrichment cause of action stated in the Complaint should stand.

### III.  CONCLUSION

Based on the foregoing, Defendants' motion should be denied.  If the Court is inclined to grant the motion, the Receiver should be granted leave to amend the Complaint.

Dated:  September 28, 2015

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By:   /s/ Ted Fates
TED FATES
Attorneys for Plaintiff
WILLIAM J. HOFFMAN, Receiver