Marc Smith (#72717)
Email: msmith@kranesmith.com
Ralph C. Loeb (#124773)
Email: ralph@kranesmith.com
**KRANE & SMITH, APC**
16255 Ventura Boulevard, Suite 600
Encino, CA 91436
Tel: (818) 382-4000
Fax: (818) 382-4001

Attorneys for Defendants MARVIN TARNOL and LAURIE TARNOL, individuals, and LMKT Corporation, a California corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. HOFFMAN, Court-appointed permanent receiver for Defendant Nationwide Automated Systems, Inc., Relief Defendants Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, Oasis Studio Rentals #3, LLC, and their subsidiaries and affiliates,<br><br>Plaintiff,<br><br>vs.<br><br>MARVIN TARNOL, LAURIE TARNOL, and LMKT CORPORATION, a California corporation,<br><br>Defendants. | CASE NO. 2:15-cv-5755 SJO-FFM<br><br>[Before the Hon. S. James Otero]<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)**<br><br>DATE: October 19, 2015<br>TIME: 10:00 a.m.<br>COURTROOM: 1<br><br>Complaint Filed: July 29, 2015<br>FAC Filed: August 23, 2015 |

F:\Clients\TARNOL_MARVIN\PLEADINGS\REPLY TO MOTION TO DISMISS.01.wpd

Defendants MARVIN TARNOL and LAURIE TARNOL, individuals, and LMKT Corporation, a California corporation ("Defendants") hereby submit their Reply in Support of their Motion to Dismiss the First Amended Complaint pursuant to Rule12(b)(6) ("Motion to Dismiss") as follows.

## I. INTRODUCTION

The opposition filed by Plaintiff William J. Hoffman("Plaintiff") ignores the most recent California Second District Court of Appeal decisions cited in the Motion to Dismiss that clearly hold that no separate cause of action for unjust enrichment exists under California law, i.e. *Jogani v. Superior Court*, 165 Cal.App.4th 901, 911 (2008) and *Melchior v. New Line Productions, Inc.*, 106 Cal.App.4th 779, 793 (2003). As an example, the Court of Appeal in *Melchior* held:

> ...[T]here is no cause of action in California for unjust enrichment. "The phrase 'Unjust Enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so." (*Lauriedale Associates, Ltd. v. Wilson (1992)* 7 Cal. App.4th 1439, 1448 [9 Cal. Rptr.2d 774].) Unjust enrichment is " 'a general principle, underlying various legal doctrines and remedies,' " rather than a remedy itself. (*Dinosaur Development, Inc. v. White* (1989) 216 Cal. App.3d 1310, 1315 [265 Cal. Rptr. 525].) It is synonymous with restitution. (*Id.* at p. 1314.)
> *Id.* at 793; also see *Jogani*, *supra*, at 911.

Rather than address the applicable California Court of Appeal decisions, Plaintiff incorrectly contends that the California Supreme Court Case of *Ghirardo v. Antonioli,* 14 Cal.4th 39 (1996) stands for the proposition that a separate cause of action exists under California. In fact, the plaintiff in *Ghirardo* had not alleged a cause of action for unjust enrichment. Instead "[t]he complaint set forth a common count 'for payment of money' that rests on a theory of unjust enrichment". *Id.* at 54. Accordingly, the California Supreme Court in *Ghirardo* did not hold that a separate cause of action for unjust enrichment exists under California law.

## II. CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss should be granted without leave to amend.

DATED: October 5, 2015

KRANE & SMITH, APC

By: [signature]
RALPH C. LOEB
Attorneys for Defendants MARVIN TARNOL and LAURIE TARNOL, individuals, and LMKT Corporation, a California corporation

## CERTIFICATE OF SERVICE

WILLIAM J. HOFFMAN, Court- appointed permanent receiver for Defendant Nationwide Automated Systems, Inc., Relief Defendants Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, Oasis Studio Rentals #3, LLC, and their subsidiaries and affiliates
vs.
MARVIN TARNOL, LAURIE TARNOL, and LMKT CORPORATION, a California corporation

U.S. District Court, Central District of California
Case No. 2:15-cv-5755 SJO-FFM

I hereby certify that a true and correct copy of the foregoing was served on all counsel registered to receive a Notice of Electronic Filing by electronically serving the document via the United States District Court Electronic Case filing website (CM/ECF notification system) for this case on this 5th day of October, 2015.

/s/ Ralph C. Loeb

Ralph C. Loeb