NOT JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:** <u>CV 15-05755 SJO (AJWx)</u>        **DATE:** <u>October 7, 2015</u>

**TITLE:** <u>Hoffman v. Tarnol et al.</u>

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                              Not Present
Courtroom Clerk                               Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**            **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                   Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COUNT II OF THE FIRST AMENDED COMPLAINT** [Docket No. 25]

This matter is before the Court on Defendants Marvin Tarnol, Laurie Tarnol, and LMKT Corporation ("Defendants") Motion to Dismiss First Amended Complaint ("Motion"), filed September 14, 2015. Plaintiff William J. Hoffman, court-appointed permanent receiver for Nationwide Automated Systems, Inc., Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, Oasis Studio Rentals #3, LLC, and their subsidiaries and affiliates ("Plaintiff") filed his Opposition on September 28, 2015 (ECF No. 27), and Defendants replied on October 5, 2015 (ECF No. 28). The Court found this matter suitable for disposition without oral argument and vacated the hearing set for October 19, 2015. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS** Defendants' Motion.

I.      FACTUAL AND PROCEDURAL BACKGROUND

This matter is related to *Securities and Exchange Commission v. Nationwide Automated Systems, Inc., et. al.*, United States District Court, Central District of California, Case No. 14-cv-07249-SJO ("SEC Action"), a securities fraud case also pending before this Court. (*See* Order Granting Relief from Orders Declining Transfers of Clawback Actions, ECF No. 14; Notice of Reassignment of Case, ECF No. 15.) Plaintiff alleges the following through his First Amended Complaint ("FAC"), filed August 27, 2015 (ECF No. 17):

The SEC Action centers on an alleged "Ponzi scheme" in which NASI raised money from investors by selling them Automated Teller Machines ("ATMs"), leasing the ATMs back from the investors, managing the ATMs for the investors, paying the investors "rents" that were guaranteed to total at least 20% of the purchase price paid for the ATMs per year, and paying referral fees to investors and other agents who recruited new investors to purchase ATMs. (FAC ¶ 7.) In actuality, the Receivership Entities did not sell any ATMs to investors, but instead fabricated and sold fictitious ATMs and used the amounts raised from other investors to pay the promised "rents" and referral fees. (FAC ¶ 8.) The SEC Action commenced on September 17, 2014 against the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.:  CV 15-05755 SJO (AJWx)          DATE: October 7, 2015

Receivership Entities and their principals Joel Gillis ("Gillis") and Edward Wishner ("Wishner"). (FAC ¶ 9.)  Gillis and Wishner filed answers in the SEC Action admitting the facts supporting the Ponzi scheme allegations, and in January 2015, the two principals subsequently plead guilty to counts of mail fraud, wire fraud, conspiracy, and aiding and abetting.  (FAC ¶¶ 11-12.)  In connection with Gillis' guilty plea, GIllis signed a statement of facts that he swore under oath to be true and which is attached to the FAC.  (FAC ¶ 12-13, Ex. A.)

Plaintiff was appointed permanent receiver for Nationwide Automated Systems, Inc. ("NASI"), Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, Oasis Studio Rentals #3, LLC, and their subsidiaries and affiliates ("Receivership Entities") pursuant to a preliminary injunction entered on October 29, 2014 in the SEC Action ("Preliminary Injunction").  (FAC ¶¶ 1, 3, 4.)  The Preliminary Injunction calls for Plaintiff to recover and marshal, for the benefit of creditors and investors in the Receivership Entities, any and all assets which were owned, leased, occupied, or otherwise controlled by the Receivership Entities or were otherwise Purchased with assets of the Receivership Entities.  (FAC ¶ 4.)

The Defendants each received assets of the Receivership Entities totaling $1,507,281.17 (the "Profit Amount"), as evidenced by bank transfers from Defendants to NASI and from NASI to Defendants also attached to the FAC.  (FAC ¶¶ 5-6, 14, Ex. B.)  Defendants had no business dealings with NASI apart from transactions relating to the purchase and leasing of fictitious ATMs and provided no services or other value to NASI other than amounts paid for fictitious ATMs. (FAC ¶¶ 14-15.)

The FAC alleges two counts against Defendants:  (1) actual and constructive fraudulent transfer under California's Uniform Fraudulent Transfer Act ("CUFTA"), California Civil Code section 3439, *et seq.* ("Count I"); and (2) unjust enrichment in the amount of the Profit Amount ("Count II").  (*See generally* FAC.)  With respect to Count I, Plaintiff requests (1) a judgment against Defendants avoiding the transfers from NASI to Defendants comprising the Profit Amount; (2) an order deeming the Profit Amount paid to Defendants to be held in constructive trust for the benefit of the Receivership Entities; and (3) an order directing Defendants to immediately pay the Profit Amount, plus prejudgment interest and costs, to the Receiver.  (FAC 6.)  With respect to Count II, Plaintiff requests (1) a judgment against Defendants in the amount of the Profit Amount, plus prejudgment interest and costs; (2) an order deeming the Profit Amount paid to Defendants to be held in constructive trust for the benefit of the Receivership Entities; and (3) an order directing Defendants to immediately pay the Profit Amount, plus prejudgment interest and costs, to the Receiver.  (FAC 6-7.)

///
///

II.    DISCUSSION

CASE NO.: <u>CV 15-05755 SJO (AJWx)</u>  DATE: <u>October 7, 2015</u>

### A. Legal Standard for Motion to Dismiss

Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is "proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter to state a facially plausible claim to relief." *Shroyer*, 622 F.3d at 1041 (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). Finally, a claim can be dismissed with prejudice if any amendment would be futile. *Schwartz v. KPMG LLP*, 476 F.3d 756, 760 (9th Cir. 2007).

### B. Analysis

In the Motion, Defendants do not dispute that the Receiver has properly plead sufficient facts to support either Count I or Count II. Instead, Defendants ask the Court to dismiss without leave to amend Count II of the FAC because unjust enrichment is not a viable cause of action under California law where another cause of action is alleged. (*See generally* Mot.) In support of this argument, Defendants cite to the following three cases: *Meixner v. Wells Fargo Bank, N.A.*, __ F. Supp. 3d __, 2015 WL 1893514 (E.D. Cal. Apr. 24, 2015); *Jogani v. Superior Court*, 165 Cal. App. 4th 901, 911 (2008); and *Melchior v. New Line Productions, Inc.*, 106 Cal. App. 4th 779, 793 (2008). Plaintiff responds in its Opposition first that both the California Supreme Court and the Ninth Circuit Court of Appeals have expressly recognized an unjust enrichment cause of action, and second that the seminal California Supreme Court case upholding a cause of action for unjust enrichment, *Ghirardo v. Antonioli*, 14 Cal. 4th 39, 50-52 (1996), has not been overruled and therefore remains the law in California. (Opp'n to Mot. 2-3.) The Court agrees with Defendants' understanding of the law.

At the outset, several federal courts have noted that "California courts 'appear to be split on whether unjust enrichment can be an independent claim or merely an equitable remedy.'" *Baggett v. Hewlett-Packard Co.*, 582 F. Supp. 2d 1261, 1270 (C.D. Cal. 2007) (quoting *Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1099 (N.D. Cal. 2007)); *see also Ghirardo*, 14 Cal. 4th at 50, 54 (holding that a plaintiff was "entitled to seek relief under traditional equitable principles of unjust enrichment" where other remedies were unavailable and that a claim "'for payment of money' . . . rest[ed] on a theory of unjust enrichment"); *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (2003) ("The phrase 'unjust enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so.") (internal citations omitted).

As noted by Judge Margaret Morrow in *In re ConAgra Foods Inc.*, "[m]ost courts discussing the split in authority contrast *Melchior* and *Ghirardo*, conclude that they conflict, and resolve the conflict by limiting *Ghirardo* to its facts, i.e., to situations in which a party would be without a

CASE NO.: <u>CV 15-05755 SJO (AJWx)</u>                DATE: <u>October 7, 2015</u>

remedy if a cause of action for unjust enrichment were not recognized." 908 F. Supp. 2d 1090, 1113 (C.D. Cal. 2012). These federal courts "have consistently followed *Melchior* and held that California law does not recognize a cause of action for unjust enrichment, so long as another cause of action is available that permits restitutionary damages." *Id.* at 1114; *Falk*, 496 F. Supp. 2d at 1099 (denying motion to dismiss CLRA, UCLA, and fraud causes of action, but dismissing unjust enrichment cause of action because "there [was] no occasion for resort to unjust enrichment" in light of the remedies available under the first three causes of action); *Baggett*, 582 F. Supp. 2d at 1271 (hold that where claims remained that enabled plaintiff to obtain restitutionary relief, "the unjust enrichment claim . . . add[ed] nothing . . ."); *Walker v. Equity 1 Lenders Group*, No. 09-cv-325-WQH, 2009 WL 1364430, *9 (S.D. Cal. May 14, 2009) ("There is no cause of action in California for unjust enrichment. . . . Unjust enrichment is typically sought in connection with a 'quasi-contractual' claim in order to avoid unjustly conferring a benefit upon a defendant where there is no valid contract.").

Judge Morrow in *In re ConAgra Foods Inc.* disagreed with the common approach discussed above, stating she "does not believe that *Ghirardo* and *Melchior* are in conflict." *In re ConAgra Foods Inc.*, 908 F. Supp. 2d at 1113. Instead, Judge Morrow found *Ghirardo* to "hold[] that a plaintiff may obtain relief premised on a theory of unjust enrichment by pleading a common count for the prepayment of money. It does not address whether a plaintiff may plead unjust enrichment as a distinct cause of action." *Id.* (citing *Webster v. Allstate Ins. Co.*, No. B211390, 2010 WL 60642, *7 (Cal. App. Jan. 11, 2010) ("The court . . . did not hold that unjust enrichment was an independent cause of action, separate and apart from the common count.")). "Consequently, the intermediate appellate court decision in *Melchior*, which is not in conflict with *Ghirardo* and which addresses the issue directly, controls." *Id.* at 1114.

Regardless whether *Melchior* and *Ghirardo* are in conflict with one another, the Court agrees with other federal courts that have addressed the issue and finds that under Calfiornia law, a cause of action for unjust enrichment is not cognizable. Rather, unjust enrichment is a theory that permits recovery on other recognized causes of action, including Plaintiff's fraudulent transfer claim. Accordingly, the Court finds that Count II does not rest on a cognizable legal theory and must be dismissed.[1] This conclusion does not preclude Plaintiff from seeking restitution under California Civil Code section 3439, *et seq*.

III.    <u>RULING</u>

---

[1] It bears mentioning that Defendants do not argue that Plaintiff's Count I for fraudulent transfer should be dismissed at this juncture, nor does the Court find that Plaintiff has failed to state a claim for relief pursuant to this cause of action. Moreover, one of the remedies Plaintiff seeks on Count I is Defendants' disgorgement of the Profit Amount. This is the exact restitutionary relief sought in Count II, rendering Count II unnecessary.

NOT JS-6
**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

\_\_ : \_\_

Initials of Preparer _____

**CASE NO.:** <u>CV 15-05755 SJO (AJWx)</u>    **DATE:** <u>October 7, 2015</u>

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss Count II from the First Amended Complaint. Plaintiff's second cause of action for Unjust Enrichment is hereby **DISMISSED without leave to amend**. Defendants are **ORDERED** to file an Answer to the First Amended Complaint by no later than Monday, October 26, 2015.

IT IS SO ORDERED.