Marc Smith (#72717)
 Email: msmith@kranesmith.com
Ralph C. Loeb (#124773)
 Email: ralph@kranesmith.com
**KRANE & SMITH, APC**
16255 Ventura Boulevard, Suite 600
Encino, CA 91436
Tel: (818) 382-4000
Fax: (818) 382-4001

Attorneys for Defendants MARVIN TARNOL and LAURIE TARNOL, individuals, and LMKT Corporation, a California corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. HOFFMAN, Court-appointed permanent receiver for Defendant Nationwide Automated Systems, Inc., Relief Defendants Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, Oasis Studio Rentals #3, LLC, and their subsidiaries and affiliates,<br><br>Plaintiff,<br><br>vs.<br><br>MARVIN TARNOL, LAURIE TARNOL, and LMKT CORPORATION, a California corporation,<br><br>Defendants. | CASE NO. 2:15-cv-5755 SJO-FFM<br><br>[Before the Hon. S. James Otero]<br><br>**ANSWER TO FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br><br>Complaint Filed: July 29, 2015<br>FAC Filed: August 23, 2015 |

Defendants MARVIN TARNOL and LAURIE TARNOL, individuals, and LMKT Corporation, a California corporation (collectively referred to herein as "Defendants") hereby answer Plaintiff WILLIAM J. HOFFMAN's ("Plaintiff"), unverified First Amended Complaint ("FAC"). In response to all paragraphs of the FAC, Defendants deny each and every allegation except as expressly admitted herein. Defendants respond specifically to Plaintiff's averments as follows:

## JURISDICTION AND VENUE

1. Paragraph 1 of the FAC contains legal conclusion, that do not necessitate a response from Defendants. To the extent a response is required, Defendants deny the allegations contained in Paragraph 1 of the FAC.

2. Defendants admit the allegations contained in Paragraph 2 of the FAC.

3. Paragraph 3 of the FAC contains legal conclusion, that do not necessitate a response from Defendants. To the extent a response is required, Defendants deny the allegations contained in Paragraph 3 of the FAC.

4. Defendants admit that Plaintiff was appointed as receiver in the SEC Action (Dkt. 42) and deny all remaining allegations contained in Paragraph 4 of the FAC.

5. Defendants admit that Defendants Marvin Tarnol and Laurie Tarnol, are individuals who are residents of the County of Los Angeles, California and deny all remaining allegations contained in Paragraph 5 of the FAC.

6. Defendants admit that LMKT Corporation is a California corporation with its principal place of business in the County of Los Angeles, California and deny all remaining allegations contained in Paragraph 6 of the FAC.

## PARTIES

## FACTUAL ALLEGATIONS

**A.     The Purported Business Of The Receivership Entities And The Commencement Of The SEC Action**

7. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 7 of the FAC, and on that basis deny the allegations of Paragraph 7 of the FAC.

8. Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 8 of the FAC, and on that basis deny the allegations of Paragraph 8 of the FAC.

9. Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 9 of the FAC, and on that basis deny the allegations of Paragraph 9 of the FAC.

**B.     The Receiver's Authority And Investigation Pursuant to His Appointment**

10. Defendants admit that Plaintiff was appointed as receiver in the SEC Action (Dkt. 42) and deny all remaining allegations contained in Paragraph 10 of the FAC.

11. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 11 of the FAC, and on that basis deny the allegations of Paragraph 11 of the FAC.

**C.     Criminal Indictment And Guilty Pleas**

12. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 12 of the FAC, and on that basis deny the allegations of Paragraph 12 of the FAC.

13. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 13 of the FAC, and on that basis deny the allegations of Paragraph 13 of the FAC.

**D.     The Fraudulent Transfers To Defendants From The Receivership Entities**

14. Defendants deny the allegations contained in Paragraph 14 of the FAC.

15. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 15 of the FAC, and on that basis deny the allegations of Paragraph 15 of the FAC.

## COUNT I - FRAUDULENT TRANSFER

16. Defendants admit and incorporate by reference Paragraphs 1 through 15 of this Answer as if fully set forth herein.

17. Defendants deny that NASI paid the Profit Amount to Defendants. As to the remaining allegations of Paragraph 17 of the FAC, Defendants are without sufficient knowledge or information to admit or deny those allegations, and on that basis deny those allegations of Paragraph 17 of the FAC.

18. Defendants deny the allegations contained in Paragraph 18 of the FAC.

19. Defendants deny that the payments comprising the Profit Amount were made to Defendants. As to the remaining allegations of Paragraph 19 of the FAC, Defendants are without sufficient knowledge or information to admit or deny those allegations, and on that basis deny those allegations.

20. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 20 of the FAC, and on that basis deny the allegations of Paragraph 20 of the FAC.

21. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 21 of the FAC, and on that basis deny the allegations of Paragraph 21 of the FAC.

22. Defendants deny the allegations contained in Paragraph 22 of the FAC.

## COUNT II - UNJUST ENRICHMENT

23. Defendants assert that no response to Paragraph 23 of the FAC is required because on October 7, 2015 the Court sustained Defendants' motion to dismiss Plaintiff's claim for unjust enrichment without leave to amend (Dkt. 29).

24. Defendants assert that no response to Paragraph 24 of the FAC is required because on October 7, 2015 the Court sustained Defendants' motion to dismiss Plaintiff's claim for unjust enrichment without leave to amend (Dkt. 29).

25. Defendants assert that no response to Paragraph 25 of the FAC is required because on October 7, 2015 the Court sustained Defendants' motion to dismiss Plaintiff's claim for unjust enrichment without leave to amend (Dkt. 29).

26. Defendants assert that no response to Paragraph 26 of the FAC is required because on October 7, 2015 the Court sustained Defendants' motion to dismiss Plaintiff's claim for unjust enrichment without leave to amend (Dkt. 29).

27. Defendants assert that no response to Paragraph 27 of the FAC is required because on October 7, 2015 the Court sustained Defendants' motion to dismiss Plaintiff's claim for unjust enrichment without leave to amend (Dkt. 29).

28. Defendants assert that no response to Paragraph 28 of the FAC is required because on October 7, 2015 the Court sustained Defendants' motion to dismiss Plaintiff's claim for unjust enrichment without leave to amend (Dkt. 29).

## AFFIRMATIVE DEFENSES

As and for their affirmative defenses, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. The FAC, and each purported claim therein, fails to state facts sufficient to constitute a claim for relief.

### SECOND AFFIRMATIVE DEFENSE
### (Good Faith Transaction)

2. Defendants acted in good faith without any knowledge of any purportedly fraudulent actions and, upon information and belief, "reasonably equivalent value" for all funds that are the subject of Plaintiff's claims was received.

### THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

3. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

F:\Clients\TARHOL_MARVIN\PLEADINGS\ANS TO FAC.01.wpd   5

ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

4. Plaintiff has, through his own actions, conduct, and failure to act, waived any right to relief.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

5. Plaintiff's claims are barred in whole or in part by Plaintiff's unreasonable delay, to the prejudice of Defendants.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

6. The claims being asserted by Plaintiff are barred by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (In Pari Delicto)

7. The claims being asserted by Plaintiff's are barred by the application of the doctrine of In Pari Delicto.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

8. Plaintiff failed and neglected to make reasonable efforts to mitigate, in whole or in part, damages, injuries and/or losses alleged in the FAC and, therefore, any recovery against Defendants is barred or reduced accordingly.

## NINTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

9. Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

## TENTH AFFIRMATIVE DEFENSE

### (Capacity)

10. Defendants cannot be held liable for the claims alleged in the FAC in their individual or corporate capacities.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

11.     The claims asserted in the FAC are barred in whole or in part because of Plaintiff's lack of standing.

## TWELFTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

12.     In accordance with the provisions of Rule 11 of the Federal Rules of Civil Procedure, at the time of the filing of this Answer all possible affirmative defenses may not have been alleged inasmuch as insufficient facts and relevant information may not have been available after reasonable inquiry under the circumstances. Therefore, Defendants reserve the right to amend this Answer to allege additional affirmative defenses arising from further investigation and discovery.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

1.     That judgment be entered in favor of Defendants, and against Plaintiff, on all claims alleged in the First Amended Complaint;

2.     That Defendants be awarded their respective costs of suit in this matter; and

3.     For such other and further relief as the Court may deem just and proper.

DATED: October 26, 2015                    KRANE & SMITH, APC

                                           By: /s/ Ralph C. Loeb
                                                RALPH C. LOEB
                                           Attorneys for Defendants MARVIN TARNOL and LAURIE TARNOL, individuals, and LMKT Corporation, a California corporation

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury.

DATED: October 26, 2015                KRANE & SMITH, APC


By: _____
RALPH C. LOEB
Attorneys for Defendants MARVIN TARNOL and LAURIE TARNOL, individuals, and LMKT Corporation, a California corporation

# CERTIFICATE OF SERVICE

WILLIAM J. HOFFMAN, Court- appointed permanent receiver for Defendant Nationwide Automated Systems, Inc., Relief Defendants Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, Oasis Studio Rentals #3, LLC, and their subsidiaries and affiliates

vs.

MARVIN TARNOL, LAURIE TARNOL, and LMKT CORPORATION, a California corporation

U.S. District Court, Central District of California
Case No. 2:15-cv-5755 SJO-FFM

I hereby certify that a true and correct copy of the foregoing was served on all counsel registered to receive a Notice of Electronic Filing by electronically serving the document via the United States District Court Electronic Case filing website (CM/ECF notification system) for this case on this 26th day of October, 2015.

/s/  Ralph C. Loeb
     Ralph C. Loeb