DAVID R. ZARO (BAR NO. 124334)
TED FATES (BAR NO. 227809)
TIM C. HSU (BAR NO. 279208)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
515 South Figueroa Street, Ninth Floor
Los Angeles, California 90071-3309
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: dzaro@allenmatkins.com
        tfates@allenmatkins.com
        thsu@allenmatkins.com

Attorneys for Plaintiff
WILLIAM J. HOFFMAN, Receiver

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| WILLIAM J. HOFFMAN, Court-appointed permanent receiver for Defendant Nationwide Automated Systems, Inc., Relief Defendants Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, Oasis Studio Rentals #3, LLC, and their subsidiaries and affiliates,<br><br>        Plaintiff,<br><br>    v.<br><br>MARVIN TARNOL, LAURIE TARNOL, and LMKT CORPORATION, a California corporation,<br><br>        Defendants. | Case No. 2:15-cv-5755<br><br>**JOINT REPORT PURSUANT TO FRCP 26(F) AND LOCAL RULE 26-1**<br><br>**SCHEDULING CONFERENCE:**<br><br>Date: December 28, 2015<br>Time: 8:30 a.m.<br>Ctrm: 1 - 2nd Floor<br>Judge: Hon. S. James Otero |

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

837433.01/SD

Pursuant to Federal Rules of Civil Procedure 26 and Local Rule 26-1, Plaintiff William J. Hoffman ("Receiver"), the Court-appointed permanent receiver for Nationwide Automated Systems, Inc. ("NASI"), Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, Oasis Studio Rentals #3, LLC, and their subsidiaries and affiliates ("Receivership Entities") and Defendants Marvin Tarnol, Laurie Tarnol, and LMKT Corporation (together, "Defendants") hereby jointly submit this Rule 26(f) Report. Together, the Receiver and Defendants are referred to herein as the "Reporting Parties."

## I. Subject Matter Jurisdiction, Venue, Service of Parties

The Reporting Parties agree the Court has jurisdiction over this matter under 28 U.S.C. §§ 1345 and 1367(a), and the doctrines of ancillary and supplemental jurisdiction, in that this action is substantially related to the original claims in, the Securities and Exchange Commission's ("Commission") enforcement action styled as *Securities and Exchange Commission v. National Automated Systems, Inc., et al.*, United States District Court, Central District of California, Case No. 14-CV-07249-SJO (FFMx) ("SEC Action"). No counterclaims have been filed.

The Reporting Parties are not aware of any issues regarding personal jurisdiction or venue at this time.

Defendants were each served on August 4, 2015, by personally serving their counsel, Arthur Greenberg, as described in the proofs of service on file with this Court. (Dkt. Nos 11-13.) Defendants later changed counsel and are currently represented by Marc Smith and Ralph Loeb of Krane & Smith, APC.

## II. Facts

### A. Chronology of Facts

The Receiver alleges that on or about September 30, 2014, the Commission filed the SEC Action against various entities and individuals alleging violations of securities laws perpetrated through fraud. The alleged fraudulent scheme operated by the defendants in the SEC Action is discussed in detail in the Commission's

complaint and associated filings. To very briefly summarize, the Receiver alleges that Commission alleged violations of various provisions of the Securities Act of 1933 ("Securities Act") and the Securities Exchange Act of 1934 ("Exchange Act"), in connection with an alleged Ponzi scheme perpetrated by Defendants NASI, Joel Gillis ("Gillis"), and Edward Wishner ("Wishner").

The Receiver alleges that pursuant to various orders entered by this Court in the SEC Action (see SEC Action, Dkt. Nos. 17, 42), the Receiver was appointed first temporary receiver and then permanent receiver for the Receivership Entities and, pursuant to the terms of his appointment, the Receiver is vested with exclusive authority and control over their assets, and has full powers of an equity receiver, including the power to "institute, pursue, and prosecute all claims and causes of action." (See SEC Action, Dkt. No. 42.)

The Receiver alleges that on April 21, 2015, this Court in the SEC Action entered an order authorizing the Receiver to pursue clawback claims against profiting investors. Pursuant to this order, the Receiver alleges that he filed the instant action against Defendants as profiting investors on July 29, 2015. After conferring with Defendants' counsel, the Receiver agreed to amend his complaint to eliminate the constructive trust cause of action. (Dkt. No. 17.)

### B. Statement of Principal Factual and Legal Issues

#### 1. Principal Factual and Legal Issues by the Receiver

As alleged in the Receiver's First Amended Complaint, Defendants are profiting investors who received net profits from the Receivership Entities in the amount of $1,507,281.17 ("Profit Amount"). As the schedule attached as Exhibit B to the First Amended Complaint reflects, the Profit Amount is calculated by subtracting (a) transfers from NASI to Defendants ("Payments from NASI") from (b) transfers from Defendants to NASI ("Deposit Amount").

Defendants had no business dealings with NASI apart from transactions relating to the purchase and leasing of fictitious ATMs and provided no services or

1  other value to NASI other than amounts paid for the fictitious ATMs.  Over the
2  course of its pre-receivership operations, NASI paid the Profit Amount to
3  Defendants with the intent to hinder, delay, or defraud NASI's creditors and other
4  investors.  Such payments were made from the proceeds of the Ponzi scheme which
5  were generated from investors in the scheme.  The Receivership Entities received
6  nothing of value in exchange for the payments that comprise the Profit Amount.
7  Accordingly, the Profit Amount paid to Defendants is subject to disgorgement and
8  recovery by the Receiver under the California Uniform Fraudulent Transfer Act.
9  See Cal. Civ. Code §§ 3439.04(a); *see also SEC v. Vassallo*, 2012 U.S. Dist. LEXIS
10 71301 at *9 (E.D. Cal. 2012).

### 2. **Principal Factual and Legal Issues by Defendants**

Defendants dispute that they received any payments from the Receivership Entities.  Additionally, Defendants have asserted the following affirmative defenses in their Answer to the First Amended Complaint: (a) failure to state a claim, (b) good faith transaction, (c) estoppel, (d) waiver, (e) laches, (f) unclean hands, (g) in *pari delicto*, (h) failure to mitigate damages, (i) statute of limitations, (j) capacity, and (k) lack of standing.  Furthermore, Defendants have not yet obtained any discovery and reserve their rights to raise further factual and legal issues based on the information and evidence they do obtain through discovery.

///
///
///
///
///
///
///
///
///

### III. Proposed Discovery, Motion and Trial Deadlines

The Reporting Parties propose the following dates:

| Matter | Time | Day(s) or Weeks Before Trial | Plaintiff's Request | Defendant's Request | Court Order |
|---|---|---|---|---|---|
| Trial Date (Jury) Estimated Length: <u>The Receiver estimates 1-3 days; Defendants estimate a 5-7 day jury trial</u>. | 9:00 a.m. | | 11/28/2016 | 11/28/2016 | |
| Final Pretrial Conference; Discuss Previously−Filed Motions in Limine; File Agreed−Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed Voir Dire Questions and Agreed−To Statement of Case; File Witness List, Exhibit List, and Trial Brief | 9:00 a.m. | 8 days before trial | 11/18/2016 | 11/18/2016 | |
| Last Day for Hearing Motions | | 45 days before trial | 10/14/2016 | 10/14/2016 | |
| Discovery Cut−Off | | 90 days before trial | 08/30/2016 | 08/30/2016 | |

### IV. Discovery Proceedings

No discovery has been conducted yet. The Reporting Parties do not believe any changes to the timing of discovery under the FRCP will be necessary in this action.

The Receiver and Defendants will provide one another with their Initial Disclosures on or before December 28, 2015.

The Receiver and Defendants will do discovery in due course.

In addition to the initial disclosures, the Reporting Parties anticipate that additional written discovery requests will be exchanged between them pertaining to the transferred funds at issue as necessary and appropriate. The Reporting Parties also anticipate taking the depositions of party-affiliated witnesses and third parties.

The Reporting Parties do not believe that discovery should be conducted in phases or otherwise ordered or limited.

## V. Trial

The Receiver does not anticipate the trial requiring more than 1-3 days. Defendants request a jury trial and do not anticipate requiring more than 5-7 days.

## VI. Settlement

The Reporting Parties have engaged in informal discussions regarding settlement but have not been able to reach an agreement. The Receiver anticipates the parties will be in a better position to discuss settlement, and the prospects for settlement will be maximized once key discovery is completed.

The Reporting Parties have further conferred and agree that, if settlement cannot be agreed upon privately between the parties, mediation should be held.

The Receiver requests mediation before Magistrate Judge Frederick F. Mumm rather than private mediation due to the importance of minimizing administrative expenses of the receivership estate. The Receiver's goal is to maximize the funds available in the receivership estate to distribute to defrauded investors and creditors. Private mediation would impose significant costs on the receivership estate, reducing the net recovery for the receivership estate and therefore the investor victims of the Ponzi scheme.

Defendants request mediation before an attorney selected from the Court's Mediation Panel pursuant to Local Rule 16-15.4, Settlement Procedure No. 2.

## VII. Complex Litigation

The Reporting Parties agree this is not a complex case.

## VIII. Additional Parties, Claims, Defenses and Amendments

The Reporting Parties are not currently aware of any additional parties that are necessary to resolve the pending claims against Defendants. The Reporting Parties are also not currently aware of any required amendments to the asserted claims or defenses at this time. Should the Reporting Parties learn of any additional necessary parties, claims or defenses, the Reporting Parties will separately request leave from this Court to add additional parties, claims or defenses.

## IX. Prior and Pending Motions

On September 14, 2015, Defendants filed a Motion to Dismiss the claim for unjust enrichment alleged in Count II of the Receiver's First Amended Complaint on the grounds that under California law unjust enrichment is a remedy, not a separate cause of action, which was granted on October 7, 2015. (Dkt. Nos. 25, 29.)

The Reporting Parties anticipate filing motions for summary judgment after the parties are able to conduct necessary discovery.

## X. Unusual Legal Issues

The Reporting Parties do not believe there are any unusual issues presented by this case.

## XI. Severance, Bifurcation or Other Ordering of Proof

The Reporting Parties do not propose severance, bifurcation or other ordering of proof.

## XII. Experts

The Receiver does not anticipate that experts will be required in this matter. At this stage, Defendants have not yet determined whether they will require expert witnesses in this matter.

## XIII. Related Cases

The SEC Action styled as *Securities and Exchange Commission v. National Automated Systems, Inc., et al.*, United States District Court, Central District of California, Case No. 14-CV-07249-SJO (FFMx).

## XIV. Relief Sought by the Plaintiff

The Receiver seeks to recover the Profit Amount paid to Defendants, the calculation of which is as set forth in Exhibit B attached to the Receiver's First Amended Complaint.

## XV. Certification as to Interested Parties and Persons

The Receiver filed his Certification and Notice of Interested Parties on July 29, 2015, identifying the following interested parties and persons: (1) Marvin

Tarnol; (2) Laurie Tarnol; (3) LMKT Corporation, a California corporation; and (4) Investors and Creditors in entities for which the Receiver was appointed as Federal Equity Receiver in the SEC Action, including Nationwide Automated Systems, Inc., Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, Oasis Studio Rentals #3, LLC, and their subsidiaries and affiliates.

Defendants filed their Certification on September 14, 2015, identifying themselves as being interested parties.

**XVI. Lead Trial Counsel and Email Addresses of Record**

The Receiver's lead trial counsel is:

David R. Zaro and Ted G. Fates, who confirm they are registered as ECF Users. Mr. Zaro's email address is dzaro@allenamatkins.com and Mr. Fates' email address is tfates@allenmatkins.com.

Defendants lead trial counsel is:

Marc Smith and Ralph C. Loeb, who confirm they are registered as ECF Users. Mr. Smith's email address is marc@kranesmith.com and Mr. Loeb's email address is ralph@kranesmith.com.

Dated: December 14, 2015  ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP

By: /s/ Ted Fates
TED FATES
Attorneys for Plaintiff
WILLIAM J. HOFFMAN, Receiver

Dated: December 14, 2015  KRANE & SMITH

By: /s/ Ralph Loeb
RALPH C. LOEB
Attorneys for Defendants
Marvin Tarnol, Laurie Tarnol, and
LMKT Corporation

In accordance with Local Rule 5-4.3.4, the filer hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.