1  Marc Smith (#72717)
    Email: msmith@kranesmith.com
2  Ralph C. Loeb (#124773)
    Email: ralph@kranesmith.com
3  **KRANE & SMITH, APC**
    16255 Ventura Boulevard, Suite 600
4  Encino, CA 91436
    Tel: (818) 382-4000
5  Fax: (818) 382-4001

6  Attorneys for Defendants MARVIN TARNOL and LAURIE TARNOL, individuals, and as trustees of the MARVIN TARNOL AND LAURIE TARNOL INTER VIVOS
7  TRUST

8  
                    UNITED STATES DISTRICT COURT
9  
                    CENTRAL DISTRICT OF CALIFORNIA
10 

| | |
|---|---|
| WILLIAM J. HOFFMAN, Court-appointed permanent receiver for Defendant Nationwide Automated Systems, Inc., Relief Defendants Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, Oasis Studio Rentals #3, LLC, and their subsidiaries and affiliates,<br><br>Plaintiff,<br><br>vs.<br><br>MARVIN TARNOL, individually and as Trustee of the MARVIN TARNOL AND LAURIE TARNOL SECOND AMENDED INTERVIVOS TRUST DATED NOVEMBER 4, 1997; LAURIE TARNOL, individually and as Trustee of the MARVIN TARNOL AND LAURIE TARNOL SECOND AMENDED INTERVIVOS TRUST AGREEMENT DATED NOVEMBER 4, 1997,<br><br>Defendants. | CASE NO. 2:15-cv-5755 SJO-FFM<br><br>[Before the Hon. S. James Otero]<br><br>**ANSWER TO SECOND AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br><br>Complaint Filed: July 29, 2015<br>SAC Filed: April 12, 2016 |

1

Defendants MARVIN TARNOL and LAURIE TARNOL, individuals, ("the Tarnols") and as trustees of the "Marvin Tarnol and Laurie Tarnol Inter Vivos Trust", which was created on or about August 29, 1985 and amended and restated thereafter including a second amended trust agreement dated November 4, 1997 (the "Tarnol Family Trust") hereby answer Plaintiff WILLIAM J. HOFFMAN's ("Plaintiff"), unverified Second Amended Complaint ("SAC"). In response to all paragraphs of the SAC, Defendants deny each and every allegation except as expressly admitted herein. Defendants respond specifically to Plaintiff's averments as follows:

## JURISDICTION AND VENUE

1. Paragraph 1 of the SAC contains legal conclusions that do not necessitate a response from Defendants. To the extent a response is required, Defendants deny the allegations contained in Paragraph 1 of the SAC.

2. Defendants admit the allegations contained in Paragraph 2 of the SAC.

3. Paragraph 3 of the SAC contains legal conclusions that do not necessitate a response from Defendants. To the extent a response is required, Defendants deny the allegations contained in Paragraph 3 of the SAC.

4. Defendants admit that Plaintiff was appointed as receiver in the SEC Action (Dkt. 42) and deny all remaining allegations contained in Paragraph 4 of the SAC.

5. As to Paragraph 5 of the SAC, Defendants admit that Defendant Marvin Tarnol is an individual, a trustee of the Tarnol Family Trust, and a resident of the County of Los Angeles, California. Defendants deny all remaining allegations contained in Paragraph 5 of the SAC with respect to the Tarnols. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 5 of the SAC with respect to the Tarnol Family Trust, and on that basis deny those allegations with respect to the Tarnol Family Trust.

6. As to Paragraph 6 of the SAC, Defendants admit that Defendant Laurie Tarnol is an individual, a trustee of the Tarnol Family Trust, and a resident of the County of Los Angeles, California. Defendants deny all remaining allegations contained in Paragraph 6 of the SAC with respect to the Tarnols. Defendants are without sufficient knowledge or information to admit or deny

2

1 the remaining allegations contained in Paragraph 6 of the SAC with respect to the Tarnol Family
2 Trust, and on that basis deny those allegations with respect to the Tarnol Family Trust.

### PARTIES

### FACTUAL ALLEGATIONS

**A.  The Purported Business Of The Receivership Entities And The Commencement Of The SEC Action**

7. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 7 of the SAC, and on that basis deny the allegations of Paragraph 7 of the SAC.

8. Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 8 of the SAC, and on that basis deny the allegations of Paragraph 8 of the SAC.

9. Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 9 of the SAC, and on that basis deny the allegations of Paragraph 9 of the SAC.

**B.  The Receiver's Authority And Investigation Pursuant to His Appointment**

10. Defendants admit that Plaintiff was appointed as receiver in the SEC Action (Dkt. 42) and deny all remaining allegations contained in Paragraph 10 of the SAC.

11. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 11 of the SAC, and on that basis deny the allegations of Paragraph 11 of the SAC.

**C.  Criminal Indictment And Guilty Pleas**

12. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 12 of the SAC, and on that basis deny the allegations of Paragraph 12 of the SAC.

13. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 13 of the SAC, and on that basis deny the allegations of Paragraph 13 of the SAC.

### D. The Fraudulent Transfers To Defendants From The Receivership Entities

14. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 14 of the SAC, and on that basis deny the allegations contained in Paragraph 14 of the SAC.

15. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 15 of the SAC, and on that basis deny the allegations of Paragraph 15 of the SAC.

16. As to Paragraph 16 of the SAC, Defendants deny that the Tarnols received any profits and further deny that the Plaintiff ever made a demand for disgorgement on the Tarnol Family Trust prior to filing this action. As to all remaining allegations contained in Paragraph 16 of the SAC, Defendants are without sufficient knowledge or information to admit or deny those allegations, and on that basis deny those allegations of Paragraph 16 of the SAC.

17. Defendants deny the allegations contained in Paragraph 17 of the SAC with respect to the Tarnols. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 17 of the SAC with respect to the Tarnol Family Trust, and on that basis deny those allegations.

18. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 18 of the SAC, and on that basis deny the allegations of Paragraph 18 of the SAC.

### COUNT I - FRAUDULENT TRANSFER

19. As to Paragraph 19 of the SAC, Defendants admit and incorporate by reference Paragraphs 1 through 18 of this Answer as if fully set forth herein.

20. As to Paragraph 20 of the SAC, Defendants deny that NASI paid the Profit Amount to the Tarnols. As to the remaining allegations of Paragraph 20 of the SAC, Defendants are without sufficient knowledge or information to admit or deny those allegations, and on that basis deny those allegations of Paragraph 20 of the FAC.

21. Defendants deny the allegations contained in Paragraph 21 of the SAC as to the Tarnols.

4

22. Defendants deny that the payments comprising the Profit Amount were made to the Tarnols. As to the remaining allegations of Paragraph 22 of the SAC, Defendants are without sufficient knowledge or information to admit or deny those allegations, and on that basis deny those allegations.

23. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 23 of the SAC, and on that basis deny the allegations of Paragraph 23 of the SAC.

24. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 24 of the SAC, and on that basis deny the allegations of Paragraph 24 of the SAC.

25. Defendants deny the allegations contained in Paragraph 25 of the SAC.

## AFFIRMATIVE DEFENSES

As and for their affirmative defenses, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

1. The SAC, and each purported claim therein, fails to state facts sufficient to constitute a claim for relief.

### SECOND AFFIRMATIVE DEFENSE

**(Good Faith Transaction)**

2. Defendants acted in good faith without any knowledge of any purportedly fraudulent actions and, upon information and belief, "reasonably equivalent value" for all funds that are the subject of Plaintiff's claims was received.

### THIRD AFFIRMATIVE DEFENSE

**(Estoppel)**

3. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel.

///
///

5

ANSWER TO SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

4. Plaintiff has, through his own actions, conduct, and failure to act, waived any right to relief.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

5. Plaintiff's claims are barred in whole or in part by Plaintiff's unreasonable delay, to the prejudice of Defendants.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

6. The claims being asserted by Plaintiff are barred by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (In Pari Delicto)

7. The claims being asserted by Plaintiff's are barred by the application of the doctrine of In Pari Delicto.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

8. Plaintiff failed and neglected to make reasonable efforts to mitigate, in whole or in part, damages, injuries and/or losses alleged in the SAC and, therefore, any recovery against Defendants is barred or reduced accordingly.

## NINTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

9. Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

///
///
///
///

6

## TENTH AFFIRMATIVE DEFENSE

### (Capacity)

10. The Tarnols cannot be held liable for the claims alleged in the SAC in their individual capacities.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

11. The claims asserted in the SAC are barred in whole or in part because of Plaintiff's lack of standing.

## TWELFTH AFFIRMATIVE DEFENSE

### (Offset)

12. Defendants are entitled and an offset including, but not limited to, to extent that Plaintiff and/or alleged victims of the Ponzi scheme alleged in the SAC recover amounts in connection to the alleged Ponzi scheme from third parties.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

13. In accordance with the provisions of Rule 11 of the Federal Rules of Civil Procedure, at the time of the filing of this Answer all possible affirmative defenses may not have been alleged inasmuch as insufficient facts and relevant information may not have been available after reasonable inquiry under the circumstances. Therefore, Defendants reserve the right to amend this Answer to allege additional affirmative defenses arising from further investigation and discovery.

///
///
///
///
///
///
///
///

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants pray for judgment against Plaintiff as follows:

1. That judgment be entered in favor of Defendants, and against Plaintiff, on all claims alleged in the Second Amended Complaint;

2. That Defendants be awarded their respective costs of suit in this matter; and

3. For such other and further relief as the Court may deem just and proper.

DATED: April 22, 2016                               KRANE & SMITH, APC

By: /s/ Ralph C. Loeb
RALPH C. LOEB
Attorneys for Defendants MARVIN TARNOL and LAURIE TARNOL, individuals, and as trustees of the MARVIN TARNOL AND LAURIE TARNOL INTER VIVOS TRUST

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury.

DATED: April 22, 2016                          KRANE & SMITH, APC


By: /s/ Ralph C. Loeb
RALPH C. LOEB
Attorneys for Defendants MARVIN
TARNOL and LAURIE TARNOL,
individuals, and as trustees of the
MARVIN TARNOL AND LAURIE
TARNOL INTERVIVOS TRUST

9

ANSWER TO SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

## CERTIFICATE OF SERVICE

WILLIAM J. HOFFMAN, Court- appointed permanent receiver for Defendant Nationwide Automated Systems, Inc., Relief Defendants Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, Oasis Studio Rentals #3, LLC, and their subsidiaries and affiliates

vs.

MARVIN TARNOL, LAURIE TARNOL, and LMKT CORPORATION, a California corporation

U.S. District Court, Central District of California
Case No. 2:15-cv-5755 SJO-FFM

I hereby certify that a true and correct copy of the foregoing was served on all counsel registered to receive a Notice of Electronic Filing by electronically serving the document via the United States District Court Electronic Case filing website (CM/ECF notification system) for this case on this 22nd day of April, 2016.

/s/   Ralph C. Loeb
Ralph C. Loeb

ANSWER TO SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL